HENRY DORSEY OF EDWARD, vs. B. GILBERT AND OTHERS.
December 1839.

It was an undoubted power of the Court of Chancery before any of our
Legislative acts, authorising the sale of infants estates, to convert the real
estate of infants into money, and many cases can be found where guar-
dians under particular circumstances, have been authorised to make this
conversion.

The Legislature may authorise the sale of the real estate of a minor, when,
in the judgment of the Court of Chancery, the interest of such minor
will be promoted by the sale.

And a law authorising the Chancellor to confirm a sale, of the real estate of
minors, made by a trustee appointed by the court, to sell the interests of
other parties; provided the Chancellor is satisfied, upon the answers of the
infants taken in the usual way, and upon proof, that the sale was fairly
made, and advantageous to them, is constitutional.

Nor is it any objection, that the petition for the confirmation of the sale,
is filed by the purchaser at the trustee's sale.

APPEAL from the Court of Chancery.

On the 14th day of March 1839, *Henry Dorsey of Edward*,
filed his petition in the Court of Chancery alleging, that he
purchased of *Otho Scott*, esquire, trustee, certain lands in *Har-
ford* county, ordered to be sold by said trustee, by a decree of
said court, passed in a cause in which *Joseph Ashton* and
others were complainants, and *Henry G. McComas* and others
defendants; to the proceedings in which cause, reference is
hereby made. That at the time of said sale, it was known,
that the defendants in the above cause, were entitled in right
of their mother, to *one undivided fifth part* of said lands, and
your petitioner was assured by the trustee, that the title of this
undivided interest should be passed to your petitioner, and if
this were not done, the bid of your petitioner should not be
considered as binding and obligatory; that by an act of the
General Assembly herewith exhibited, it was enacted that on
the petition of the purchaser, the Chancellor should have full
power to decree a conveyance of this undivided interest in
said land, on being satisfied that the sale as made and report-
ed was for the advantage of the defendants aforesaid. The
petition then set forth, that the sale was highly advantageous

to the defendants, and prayed the court to order a commission to assign a guardian to answer for the infant defendants, *Henry G. McComas* and others; and that *Bennett Gilbert* and wife, might answer in their own behalf; and that the court, if satisfied on proof shewn, that the sale as made, was beneficial to said defendants, that a conveyance of their interest, in right of their mother to said lands, be decreed, and that *Otho Scott*, trustee as aforesaid, be authorised to convey to your petitioner all the right and estate whatsoever of said defendants, in and to said lands.

The act of Assembly referred to in the petition, was as follows—

"An Act to confirm the sale of the lands of the heirs of *Preston McComas.*"

SECTION 1. *Be it enacted by the General Assembly of Maryland,* That the Chancellor confirm the sale made of the lands of *Preston McComas* deceased, under a decree of the Chancellor, by *Otho Scott*, trustee, and that he be authorised and required to order and direct the said trustee, to convey to the purchaser at said sale, all the undivided interest and estate, to which the defendants in said decree, are entitled in said lands, in right of their deceased mother; and that the Chancellor have the power to order the conveyance of the undivided interest and estate aforesaid of said defendants, to the same extent, that he has the power of decreeing the sale of lands held jointly by infants and persons of full age; and before the Chancellor proceeds to order a conveyance as aforesaid, he may on petition of the purchaser, direct the answer of the defendants aforesaid to be taken, as the answers of infants are taken to bills in Chancery, and may order affidavits to be taken of the fairness of the sale, and the advantage of such sale to said defendants.

2. "And be it enacted, that the Chancellor shall award to said defendants in right of their mother, such portions of the purchase money, as is equal to the undivided interest in said lands, to which they are entitled as heirs of their mother."

On the 18th March 1839, the Chancellor (BLAND,) passed the following order—

"I hold, that it is not within the constitutional competency of the General Assembly, to authorise the sale of the real estate of infants for any purpose, but to pay debts, to which said estate may be liable, or to maintain or educate such infants, or to effect a division where such infants hold as joint tenants, or tenants in common with adults; nor can the General Assembly constitutionally divest an infant of his real estate, which had been illegally, and without authority sold by a trustee, agent or factor, appointed by a decree to make sale of real estate, for the purpose of paying the debts of a deceased person, to whom such real estate confessedly did not belong, nor can the General Assembly constitutionally authorise any one, who can only show himself to have been a purchaser from a trustee, at a sale so illegally made, to come into a court of justice, in order to have such an unauthorised sale confirmed, or to draw in question the right of such infant, in any way, or for any purpose whatever; therefore it is ordered, that the said petition of *Henry Dorsey,* be and the same is hereby dismissed with costs, to be taxed by the Register."

From this order the petitioner appealed to this court, where it was agreed, that the record and papers in the case of *Joseph Ashton* and others, *vs. Henry McComas* and others, in Chancery, be read and submitted as a part of the evidence on the appeal.

The cause was submitted to BUCHANAN, C. J., STEPHEN, ARCHER, DORSEY, CHAMBERS, and SPENCE, J.

By W. SCHLEY for the appellants, and
O. SCOTT for the appellees.

ARCHER, J., delivered the opinion of this court.

It appears from the proceedings in this cause, that *Joseph Ashton* and others, filed a bill in the Court of Chancery, against the minor children of *Preston McComas,* alleging themselves to be his creditors, and that he had died, not leaving a sufficiency of assets to pay his debts. A decree was accordingly passed, and *Henry Dorsey* became the purchaser. The trustee in his report of the sale, discloses the fact to the Chancel-

Ior, that the infant children of *Preston McComas,* in right of their mother, were entitled to one-fifth of the lands sold under the decree, and suggests the propriety of awarding to the infants, as the sale was advantageous to them, one-fifth of the purchase money.   A special act of the Legislature was then passed, providing for the confirmation of the sale, and for the conveyance of the undivided interest and estate of the minors, to the purchaser; but before a conveyance is ordered, provision is made, that upon application of the purchaser, the Chancellor may direct the answers of the infants to be taken according to the customary mode in Chancery, and may order proof to be taken of the fairness of the sale, and of the advantage of such sale to the infants.   The act further provides, that the Chancellor shall award to the defendants in the suit, in right of their mother, such portions of the purchase money as they are entitled to as heirs of their mother.

In pursuance of the act of Assembly, *Henry Dorsey,* the purchaser, petitioned the Chancellor to confirm the sale, upon a compliance with the requisitions of the act being had, in pursuance of his orders to be passed for that purpose.   The Chancellor dismissed this petition, upon the ground, that the special act of Assembly above referred to, was unconstitutional.

It was an undoubted power of the Court of Chancery, before any of our Legislative acts, authorising the sale of infants estates, to convert the real estate of an infant into money; and many cases may be found, where the guardians of infants, under particular circumstances, have been authorised to make this conversion, 2 *Story's Eq.* 585, 586, 587.   The Court of Chancery in the exercise of this jurisdiction, acted under a delegated authority from the King, who as *parens patriœ* had jurisdiction over the persons and estates of infants.

The legislation of this State, in relation to the sale of infants estates, is but a modification and enlargement of an acknowledged power.   In this exercise of power by the Legislature, it has not in our judgment, transcended any limitation of the constitution.   The property of the infant is not in any

manner impaired or lessened, but a change in its character alone effected, and that for his benefit; and as he is incapable of acting for himself, the State has properly confided a power for the purpose, which if exercised in conformity with the spirit of the power imparted, must prove salutary.

If this be the character of the laws authorising the sale of infant's estates, on the petition of a guardian, or *prochein amni*, in cases where such sale would be advantageous to the infant, it would be difficult to sustain an objection to the act of Assembly under which the petition now under consideration, has been framed. According to the just construction of this act, no power was conferred on the Chancellor to confirm the sale, until he should receive the answers of the infants, and be satisfied by proof, (the character of which is pointed out by the act,) of the fairness of the sale, and that it was advantageous to the infants; thereby furnishing the infants with substantially the same safeguards, as are provided by the act of 1816, ch. 154. If the sale should be established to be one, beneficial to the infants, their interests would be advanced by its confirmation; and a power thus conferred, and attended with such results, is a power rightfully delegated by the State. That the sale had taken place without authority, under the bill filed by the creditors of *McComas*, which is now sought to be confirmed, as to the constitutional question, cannot produce a different result, for it would make no difference, whether the object of the Legislature were to order a sale for the benefit of the infants, or to confirm one made without authority, if such confirmation was beneficial.

Nor do we think the character of the petitioner, can change the character of. the question. He is a purchaser, and not a guardian, and although he might have interests adverse to the infants, the rights of the latter are protected by the judgment, which the Chancellor shall pronounce on the question of advantage or disadvantage to his interests, when the proof shall be exhibited to him.

<div align="center">

DECREE REVERSED AND CAUSE REMANDED FOR

FURTHER PROCEEDINGS.